# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JOHNAKIN,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3989 |
| BERKS COUNTY JAIL SYSTEM, *et al.*,<br>    Defendants. | : | |

## MEMORANDUM

TUCKER, J.                                                                                                                    SEPTEMBER 25, 2019

*Pro se* Plaintiff William Johnakin, a pretrial detainee confined at the Berks County Jail System, has lodged a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional claims. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Johnakin is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, certain claims in the Complaint will be dismissed with prejudice, and the balance of the Complaint will be dismissed without prejudice. Johnakin will be granted leave to file an amended complaint to attempt to cure the defects noted by the Court concerning the claims dismissed without prejudice.

## I.     FACTS

Johnakin alleges that he has been confined as a pretrial detainee in the Berks County Jail since July 2019. On July 1, he was moved from a quarantine cell to K-Block. (ECF No. 3 at 8.) He contends that there was mold on the walls and around the toilet and sink. (*Id.*) He filed two grievances about the mold asking for cleaning supplies and for someone to inspect his cell. (*Id.*) He never received a response to his grievances, nor did he receive cleaning supplies. (*Id.*) He asserts that an officer looked at the mold but said he did not know what mold looks like. (*Id.*)

Johnakin further asserts that his toiled started to leak, requiring that he squeegee odorous water two or three times each day. (*Id.*) He wrote to Defendant Warden Quigley about his toilet and never received an answer. (*Id.*) However, a sergeant inspected the toilet and acknowledged the leak. (*Id.*) He was finally moved to another cell on August 9, 2019. (*Id.*) He complained about having to breathe in mold and dust. (*Id.* at 9.) Johnakin alleges that he has asthma and is HIV positive and "an environment like this is definitely detrimental to my health." (*Id.*) He speculates that the Warden kept him in the cell due to his numerous other complaints and civil suits. (*Id.*)

Named as Defendants are the Berks County Jail System, Berks County, Warden Quigley and Chief Deputy Warden Smith. All Defendants are sued in their official and individual capacities. Johnakin seeks the remediation of mold in the jail, proper inspections, and money damages.

## II. STANDARD OF REVIEW

The Court will grant Johnakin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] However, as Johnakin is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

(quotations omitted). Conclusory allegations do not suffice. *Id.* As Johnakin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity and Municipal Liability Claims

Johnakin has sued Defendants Quigley and Smith in their official as well as individual capacities.[2] Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit

---

[2] He also purports to sue the Berks County Jail System and Berks County in their "official capacities." These claims will be construed to assert municipal liability claims. Although the Court will address the claims against Berks County, it must be noted that Johnakin failed to comply with Federal Rule of Civil Procedure 10 and list Berks County as a defendant in the caption of the Complaint.

3

against the entity." *Id.* Accordingly, the official capacity claims against the named Defendants must be construed as claims against the Berks County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Johnakin's claims fail to meet the *Monell* standard. He has not alleged a policy or custom, or that a policy or custom caused the violation of his constitutional rights. Accordingly, Johnakin's official capacity/*Monell* claims against all Defendants are dismissed pursuant to § 1915(e)(2)(B)(ii). The Court will, however, grant Johnakin an opportunity to file an amended complaint if he is able to cure the defects identified in his official capacity/*Monell* claims.

4

### B. Claim Against Berks County Jail System

The § 1983 claim against Berks County Jail System is dismissed as frivolous because a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### C. Claim Based on Grievances

Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Johnakin about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### D. Claims Based on Conditions of Confinement

The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees challenging the conditions of their confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment under the Fourteenth Amendment applicable to pretrial detainees typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a prisoner or detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's

5

health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("' [T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

The conditions Johnakin describes, while unpleasant, do not rise to the level of punishment under the Due Process Clause. Leaking toilets and mold are not the kinds of sufficiently serious prison conditions that give rise to a constitutional claim for a pretrial detainee. Furthermore, he was only exposed to these conditions for approximately five weeks. Johnakin's allegations do not suggest that these conditions either amounted to punishment or deprived him of any basic human need such as food, medical care, sanitation, or security. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *David v. Wetzel*, Civ. A. No. 16-00823, 2016 WL 3551484, at *1-3 (M.D. Pa. June 30, 2016) (concluding that prisoner had not stated Eighth Amendment claim with respect to air vents covered in mold and leaking toilets); *Thomas v. SCI-Graterford*, Civ. A. No. 11-6799, 2014 WL 550555, at *5 (E.D. Pa. Feb. 12, 2014) (concluding that denial of cleaning supplies for a two-week period was not unconstitutional); *Nunez v. Quigley*, Civ. A. No. 18-4492, 2018 WL 6696812, at *3 (E.D. Pa. Dec. 20, 2018) (holding that leaking toilet and sink, mold, "rusted bunks with odor," and the smell of dried urine from inmates on the upper tier urinating down the pipes did not state a plausible conditions of confinement claim). Accordingly, this claim is also

6

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Johnakin will be granted leave to amend this claim as well.

### E. Claims Involving Deliberate Indifference to Serious Medical Needs

Johnakin appears to attempt to state a separate constitutional claim based on the allegation that the conditions caused him to suffer health issues. The failure to provide medical treatment can state a plausible claim under § 1983 where a prisoner alleges facts indicating that prison officials were deliberately indifferent to his serious medical needs.[3] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

Johnakin's medical claim must also be dismissed. While he alleges he suffers from asthma and is HIV positive, he does not allege that he actually suffered any medical impairment from the mold and leaking toilet for which he required medical attention. Rather, he alleges only

---

[3] As Johnakin was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

7

that an "environment like this is definitely detrimental to my health." (ECF No. 3 at 9.) While he contends that his complaints about mold and his toilet were ignored, he fails to allege deliberate indifferent to any actual serious medical need or that he even required medical attention. Thus, this claim is also subject to dismissal under § 1915(e)(2)(B).

### F.     Supervisory Claims Against Quigley and Smith

Johnakin asserts that Defendants Quigley and Smith are liable in their individual capacities because they failed to inspect the jail. He asserts that if they "personally would inspect each cell in a jail they are in charge of running there would be not instances or problem like this arising under there [sic] leadership. . . ." (ECF No. 8 at 5.)

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Johnakin's supervisory liability allegations fail to meet this standard. He cannot allege that Quigley and Smith were personally involved or deliberately indifferent by maintaining a policy, practice or custom which directly caused his constitutional harm since he has not alleged any actual harm arising from the underlying prison conditions claim.

8

## G. Retaliation Claims Against Quigley and Smith

Finally, Johnakin alleges that Quigley and Smith kept him in the cell with the leaking toilet due to his numerous other complaints and civil suits.

In order to plead a plausible a retaliation claim, a plaintiff must assert three elements. First, he must demonstrate that his conduct was constitutionally protected. Second, he must allege that the retaliatory action was "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights[.]'" *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). Third, he must allege a causal link between his constitutionally protected conduct and the adverse action taken against him. *Id.* In the prison context, constitutionally protected conduct must be "a substantial or motivating factor" for the retaliatory conduct. *Id.*

First, Johnakin himself acknowledges that his allegation that the Defendants kept him in the cell with the leaking toilet is purely speculative. Second, while the filing of a grievance against prison officials can be protected conduct upon which to base a retaliation claim, *see Watson v. Rozum* 834 F.3d 417, 422 (3d Cir. 2016), Johnakin has not properly alleged the other two elements of a retaliation claim. Accordingly, this claim will also be dismissed without prejudice and with leave to amend if Johnakin can cure the defects the Court has noted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Johnakin's claim against Berks County Jail System and his claims based on grievances. The Court will dismiss all other claims in Johnakin's Complaint without prejudice and with leave to file an amended complaint

within thirty (30) days. An appropriate Order follows.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**